## Zenatello, Appellant, *v.* Hammerstein.

*Contracts—Breach—Question for jury—Affidavit of defense—Illegal contracts—Sunday laws—Conflict of laws—Place of performance—Presumption.*

1. In an action by an artist against an opera producer on a contract providing "the artist binds himself to sing in Italian, in New York and in the United States of America, the operas of his repertory and those which will be indicated to him," in consideration of a certain sum to be paid by the producer "for each performance or Sunday concert, which sum shall be paid to the artist the day after the performance," and providing in another portion that the artist should sing the songs of his repertory "and some other operas which may be indicated, so long as they are fit for him, and they are arranged on mutual agreement," where the statement avers that the plaintiff was ready and willing at all times and offered to perform his engagements under the contract, an affidavit of defense is sufficient which denies these averments of the statement and avers that after fourteen performances the "defendant desired and requested plaintiff to sing the tenor part in the opera 'The Prophet,' which was a part the plaintiff was well fitted to sing, but said plaintiff, without reason or excuse, declined and refused to sing the part."

2. Such a contract, since it does not provide that the plaintiff will sing only in New York, is not void as stipulating for performances on Sunday against the statutes of that state, the presumption being that the parties intended the performance of the agreement in a place or territory where its performance was permissible.

Argued Jan. 17, 1911. Appeal, No. 247, Jan. T., 1910, by plaintiff, from order of C. P. No. 1, Phila. Co., June Term, 1910, No. 176, discharging rule for judgment for want of a sufficient affidavit of defense in case of Giovanni Zenatello v. Oscar Hammerstein. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense in an action of assumpsit. Before MAGILL, J.

The averments of the statement and affidavit of defense are sufficiently set forth in the opinion of the Supreme Court.

*Error assigned* was order discharging rule for judgment.

*H. Gordon McCouch*, of *Dickson, Beitler & McCouch*, with him *Henry S. Drinker, Jr.*, for appellant.—The place of the execution of the contract is immaterial. The legality of the performance stipulated for is determined by the law of the place of performance: Waverly Nat. Bank v. Hall, 150 Pa. 466; Burnett v. Railroad Co., 176 Pa. 45; Musser v. Stauffer, 192 Pa. 398; Krantz v. Kazenstein, 22 Pa. Superior Ct. 275; Harris v. White, 81 N. Y. 532.

It is not to be presumed that the parties intended to violate the law: Harton's Est., 213 Pa. 499.

*Thomas Leaming*, for appellee.—The law of New York is a fact to be proved and under it the executory part of the contract is void: American Alkali Co. v. Huhn, 209 Pa. 238; Musser v. Stauffer, 192 Pa. 398; Hallen v. Thompson, 48 Misc. 642 (96 N. Y. Supp. 485); Stewart v. Thayer, 168 Mass. 519 (47 N. E. Repr. 420); Knight v. Press Co., 227 Pa. 185.

The facts are in dispute whether the plaintiff was ready to perform his undertakings, and whether the defendant gave him opportunity to do so.

OPINION BY MR. JUSTICE MESTREZAT, March 20, 1911:

We do not agree with the learned court below that the affidavit sets up a prima facie defense in averring that by virtue of certain acts of assembly of the state of New York and their construction by the courts of that state the contract of the parties "was unlawful and void in that it was an agreement to perform in the state of New York any opera, or any parts of opera, or other dramatic performance, upon the first day of the week, commonly called Sunday, in violation of said statutes." A copy of the contract on which the suit was brought is attached to and made part of the statement. It was executed in New York and provides, inter alia, as follows: "The artist (Giovanni Zenatello) binds himself to sing in his capacity

of tenor, and shall sing in Italian, in New York and in the United States of America, the operas of his repertory and those which will be indicated to him . . . . Mr. Oscar Hammerstein (the defendant) binds himself to pay the artist the sum of 1300 American Dollars for each performance or Sunday concert, which sum shall be paid to the artist the day after the performance." For present purposes we may assume, as defendant alleges, that the statutes of New York make it unlawful to perform in the state of New York any opera or other dramatic performance on Sunday, and that an agreement is void which stipulates for such performances on Sunday in New York. The contract between the plaintiff and the defendant and on which this action was brought, however, does not provide that the plaintiff shall sing only in New York, as assumed by the learned court below, but "in New York and in the United States of America." Zenatello was to sing each day of the week. The agreement, therefore, does not provide that he shall sing in New York on Sunday, and the presumption is that Hammerstein will not require him to sing in that state on Sunday but in some other part of the United States where Sunday concerts are not prohibited. The law will not presume that the parties contracted to do an unlawful thing or violate a statutory prohibition in carrying out its terms, but that their purpose was the accomplishment of a lawful object and the performance of the agreement in a place or territory where its performance was permissible. We must, therefore, construe this agreement to mean that the parties intended that the plaintiff should sing his operas in those parts of the United States where such performances would be legal and not in the state of New York where they are prohibited. It is settled law that the validity of a contract as to matters affecting its performance is to be determined by the laws of the place of performance and not the place of execution. The laws of the state of New York, therefore, have no application in construing the contract in question and, hence, the averment in the affidavit

that the contract is void under the New York statutes is not a defense to this action.

The statement avers that the plaintiff was ready and willing at all times and offered to perform his engagements under the contract. This is denied by the affidavit of defense, and it is averred that after the fourteen performances, the "defendant desired and requested plaintiff to sing the tenor part in the opera 'The Prophet,' which was a part the plaintiff was well fitted to sing, but said plaintiff, without reason or excuse, declined and refused to sing the part." The contract bound the plaintiff to sing "the operas of his repertory and those which will be indicated to him." Another part of the contract specifies the operas of the plaintiff's repertory and provides that he shall sing those operas, "and some other operas which may be indicated, so long as they are fit for him, and they are arranged on mutual agreement." The plaintiff contends that he was justified in refusing to sing the tenor part in "The Prophet" as it was not one of those specified as part of his repertory and was not agreed upon by mutual consent between the parties. This question was clearly for the jury under proper instructions by the court. We must assume the truth of the averment in the affidavit that the defendant requested the plaintiff to sing in "The Prophet," that he was fitted to sing in it, and that he, "without reason or excuse, declined and refused to sing the part." If this be true, the plaintiff violated his contract. He was, by the terms of the agreement, to sing such operas outside of those specified in his repertory as the defendant "indicated to him," and were "fit for him" when they were "arranged on mutual agreement." It was, therefore, the duty of the plaintiff to sing the tenor part in "The Prophet" when requested by defendant unless he had a sufficient legal reason for refusing to do so, and whether he did so "without reason or excuse," as averred in the affidavit, is necessarily for the jury. Being fitted to sing in the opera and being requested to do so by the defendant, the plaintiff could not arbitrarily decline to

enter into a "mutual agreement" to sing "The Prophet." These averments necessarily raise questions of fact for the consideration and determination of the jury.

We need not determine the questions of law suggested in argument other than those necessary to the disposition of this rule, as they can be better considered and decided in the light of all the facts developed on the trial of the cause before a jury.

The order discharging the rule for judgment for want of a sufficient affidavit of defense is affirmed.